Dear Chief Dibble:
In response to your inquiry of recent date, note that an elected official such as the chief of police may hold concurrently the appointed position of deputy sheriff, as long as the latter position is held on a part-time basis. Note further that the prohibitions against the simultaneous holding of local elected office and appointive office extends only to the holding of full-time appointive office, as LSA-R.S. 42:63(D) provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The prohibitory language of LSA-R.S. 42:63(D) would prevent simultaneous holding of these offices where the position of deputy sheriff is held on a full-time basis, as defined within the Dual Officeholding and Dual Employment Law in LSA-R.S. 42:62:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62(4) and (5).
The law permits the holding of local elective office and appointive office on a part-time basis. Please review attached Attorney General Opinions 98-458, 98-150, 98-115, 97-76, and 96-405, all of which adhere to and further elaborate upon the same conclusion.
Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: February 2, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL